[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-16350
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 14, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 06-01943-CV-ORL-22-KRS

UNITED STATES OF AMERICA,
ex rel,
L. BROWN,

Plaintiffs-Appellants,

versus

WALT DISNEY WORLD CO.,
REEDY CREEK IMPROVEMENT DISTRICT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 14, 2010)

Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

In this qui tam action brought pursuant to the False Claims Act, 31 U.S.C. § 3729 et seq., Plaintiff-Relator L. Brown appeals the dismissal of her complaint against Defendants Walt Disney World Company ("Disney") and Reedy Creek Improvement District ("RCID").[1] The district court dismissed the complaint for lack of subject-matter jurisdiction, Fed.R.Civ.P. 12(b)(1). No reversible error has been shown; we affirm.

In 1988, RCID contracted with United States Postal Service to operate a post office in a municipality located within its boundaries. Plaintiff claimed that RCID obtained this contract through these false statements: (1) that it provided nonsegregated housing for its employees and (2) that RCID had no parent company. Plaintiff also alleged that RCID's Board of Supervisors was not duly elected and, thus, had no authority to enter into the contract. The district court granted Defendants' motion to dismiss, concluding that Plaintiff failed to meet the jurisdictional requirement of the FCA, 31 U.S.C. § 3730(e)(4)(A), because the allegations and transactions on which Plaintiff based her complaint had been publicly disclosed and Plaintiff did not qualify as an original source of the

---

[1] RCID is a governmental entity that was created by the Florida legislature in 1967; and the Disney resort is located within the boundaries of RCID.

information.

On appeal, Plaintiff argues that the jurisdictional bar did not apply because she drafted her complaint based on general information available to the public, not on public information about the wrongs alleged in her complaint. We review a district court's dismissal of a complaint for lack of subject-matter jurisdiction de novo. Makro Capital of Am., Inc. v. UBS AG, 543 F.3d 1254, 1258 (11th Cir. 2008). The party bringing the claim bears the burden of establishing federal subject-matter jurisdiction. Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005).

Courts lack subject-matter jurisdiction over FCA qui tam suits if the information upon which the allegations or transactions are based was publicly disclosed before the filing of the complaint. 31 U.S.C. § 3730(e)(4)(A); McElmurray v. Consolidated Gov't of Augusta-Richmond County, 501 F.3d 1244, 1250-51 (11th Cir. 2007). We use this three-part inquiry to determine if subject-matter jurisdiction exists over a qui tam FCA claim: "(1) have the allegations made by the plaintiff been publicly disclosed; (2) if so, is the disclosed information the basis of the plaintiff's suit; (3) if yes, is the plaintiff an 'original source' of that information." Battle v. Board of Regents, 468 F.3d 755, 762 (11th Cir. 2006) (citation omitted). The FCA precludes suits based in any part on publicly

3

disclosed information.  See id.

Here, we agree with the district court that the FCA's public-disclosure bar precluded Plaintiff's suit.  About the first part of the test, Plaintiff's allegations were based on publicly disclosed information.  The basis for Plaintiff's claim that RCID maintained segregated housing for its employees was the de-annexation of certain property in RCID on which residential housing was constructed.  But Defendants' practice of de-annexing residential housing parcels had been the subject of newspaper articles.  See 31 U.S.C. § 3730(e)(4)(A) (listing sources of publicly disclosed information, including the news media).  Plaintiff's only support for her allegation that RCID's parent certification was false and that Disney, in fact, controlled RCID, was a federal court opinion.  See id. (documents from a civil hearing are publicly disclosed information); McElmurray, 501 F.3d at 1253 (concluding that district court orders constituted public disclosures under the FCA).[2]  And Plaintiff's allegation that the board of supervisors was not duly authorized also was based on publicly disclosed information, including state administrative reports and news articles.  Plaintiff argues that single, isolated exhibits included with her complaint do not constitute publicly disclosed information within the meaning of section 3730(e)(4)(A); but the FCA precludes

_____

[2]The suggestion that Disney controlled RCID also appeared in many newspaper articles.

4

suits based in <u>any part</u> on publicly disclosed information.  <u>See</u> <u>Battle</u>, 468 F.3d 755, 762.

Plaintiff relied on publicly disclosed information to support all of her allegations; thus, it follows that the disclosed information formed the basis of Plaintiff's complaint.  Plaintiff's argument that she based her claims on general information available to the public is unavailing:  her allegations of wrongdoings about the alleged false statements -- including the de-annexation of property, the question of who controlled RCID, and the legitimacy of RCID's Board -- mirrored those in the public information upon which she relied.  And Plaintiff provided nothing, other than her own conclusory allegation, to show that she was an original source of the information on which her complaint was based.  <u>See</u> 31 U.S.C. § 3730(e)(4)(B) (explaining that an original source is a person who has "direct and independent knowledge" of the information on which the allegations are based).

Because Plaintiff's <u>qui tam</u> FCA action was based on publicly disclosed information, the district court concluded correctly that it lacked subject-matter jurisdiction over the suit.[3]

AFFIRMED.

---

[3]We have reviewed Plaintiff's remaining appellate arguments and conclude that no reversible error has been shown.